UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARRIETTA CECCARELLI,

    Plaintiff,

v.                                            Case No:   2:17-cv-131-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Harrietta Ceccarelli's Complaint (Doc. 1) filed on March 2, 2017. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On January 28, 2013, Plaintiff filed an application for disability insurance benefits. (Tr. at 63, 142-43). Plaintiff asserted an onset date of August 1, 2012. (*Id.* at 142). Plaintiff's application was denied initially on June 5, 2013 and on reconsideration on August 22, 2013. (*Id.* at 63, 78). A hearing was held before Administrative Law Judge ("ALJ") Julia D. Gibbs on August 13, 2015. (*Id.* at 21-51). The ALJ issued an unfavorable decision on September 22, 2015. (*Id.* at 10-16). The ALJ found Plaintiff not to be under a disability from August 1, 2012, through the date of the decision. (*Id.* at 16).

On January 4, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-3). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on March 2, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 15).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2012, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease and disorders of the muscles. (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except Plaintiff is limited to unskilled work. (*Id.* at 13). The ALJ determined that Plaintiff was unable to perform her past relevant work. (*Id.* at 15). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) information clerk, DOT # 237.367-046, SVP 2, sedentary, unskilled; (2) packer, DOT # 731.685-

014, SVP 2, sedentary, unskilled; and (3) assembler, DOT # 713.687-018, SVP 2, sedentary, unskilled. (*Id.* at 16).[2] The ALJ concluded that Plaintiff was not under a disability at any time from August 1, 2012, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

**II.     Analysis**

On appeal, Plaintiff raises three issues.  As stated by Plaintiff, they are:

1) The ALJ failed to articulate good cause for rejecting the opinion of Dr. Diaz. The opinion was well-supported by objective imaging and examination findings and if adopted, would have resulted in a finding of disability.

2) The ALJ improperly failed to analyze Dr. Henn's opinions that another lumbar spine surgery was indicated based on the July 2015 CT scan findings and failed to recognize the decline in her lumbar spine condition.

3) The ALJ improperly minimized the severity of Ms. Ceccarelli's cervical spine condition and limitations and failed to recognize that the January 27, 2015 cervical spine MRI corroborated her decline and increase pain and other symptoms.

(Doc. 20 at 17, 29, 36).  The Court addresses the issues surrounding Dr. Diaz's opinion first.

**A.     Weight afforded Dr. Diaz's Opinion**

Plaintiff argues that the ALJ failed to articulate good cause in rejecting Plaintiff's treating physician Jose Juan Diaz, D.O's assessment.  (Doc. 20 at 17).  The Commissioner responds that in finding Plaintiff had the RFC to perform sedentary work, the ALJ fully considered Dr. Diaz's opinion and properly assigned it little weight because it was inconsistent with Dr. Diaz's treatment notes, the medical record as a whole, and Plaintiff's activities.  (*Id.* at 24).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citations omitted).  The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79

5

(11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

The Court turns to the ALJ's findings relating to Dr. Diaz's medical opinion and then addresses why the ALJ was "not persuaded" by Dr. Diaz's medical source statement. (Tr. at 14).

In the decision, the ALJ found:

> The claimant has participated in alternative treatment modalities including, steroid injections therapeutic and massage therapy from April 2013 through July 2015 (Exhibits 8F-11F). However, the evidence does not support a finding of severe and debilitating functional limitations. Thus, the undersigned is not persuaded by the medical source statement from J. Diaz DO, indicating that the claimant is limited to working four hours in an eight-hour day, among other things (Exhibit 6F). The provider's treating notes are inconsistent with such limitations. For instance, the claimant reported performing household chores and lifting bags weighing 20 pounds (Exhibit 2F). She reported that minimal physical activity exacerbates the pain. However, physical examinations showed normal range of motion with flexion, extension, lateral bending and rotation (Exhibit 5F, p.2). The claimant was consistently described as having no acute distress while simultaneously endorsing chronic pain (Exhibit 2F pp. l, 4, 10, 12; 5F p. l; and 4F p.1). Although the claimant walks with a cane (Exhibit 6F), there is no objective evidence that it is medically necessary.

(*Id.*). Thus, Dr. Diaz's assessment did not persuade the ALJ for the following four reasons: (1) Dr. Diaz's treating notes are inconsistent with the limitation that Plaintiff is able to work only four hours in and eight-hour workday because Plaintiff reported she performed household chores

6

including lifting twenty (20) pounds; (2) even though Plaintiff reported minimal physical activity exacerbates her pain, physical examinations show normal range of motion with flexion, extension, lateral bending and rotation; (3) medical records showed Plaintiff in no acute distress, yet Plaintiff "simultaneously endors[ed] chronic pain;" and 4) no objective medical evidence demonstrates that Plaintiff's cane is medically necessary. (*Id.*). The Court addresses each of these reasons in order.

### 1. Whether the ALJ's finding that Plaintiff Performed Household Chores Is Supported by Substantial Evidence

As stated above, first the ALJ found Dr. Diaz's assessment not persuasive and found Plaintiff not as severely debilitated as determined by Dr. Diaz because Plaintiff reported performing household chores and lifting bags weighing twenty (20) pounds. (*Id.*). Plaintiff argues that the ALJ failed to consider the entire progress note and related progress notes. (Doc. 20 at 19). The Commissioner asserts that the progress note indicated Plaintiff was performing household chores and lifting bags weighing twenty (20) pounds. (*Id.* at 26).

Dr. Diaz's May 29, 2013 treatment note indicates that Plaintiff went to Dr. Diaz, complaining of back pain. (Tr. at 278). Plaintiff reported that she had severe low back pain for the last five (5) days. (*Id.*). Plaintiff further reported that "she was doing some chores at home and while lifting some bags weighing 20 lbs. or so, she aggravated her back. [S]he has slept poorly for a few days. [S]he has been taking hydrocodone with some relief. [P]ain is 8/10." (*Id.*). At that appointment, Plaintiff was positive for paraspinal muscle spasms, positive for trigger points in various areas, and received trigger point injections. (*Id.* at 178-79).

The ALJ points to this one treatment note to support her opinion that Dr. Diaz's assessment is unpersuasive. This one treatment note indicates that Plaintiff attempted to complete some household chores – including attempting to lift twenty (20) pound bags – but

7

injured herself and required medical attention that included trigger point injections. Neither the ALJ nor the Commissioner cite to any other treatment notes indicating that Plaintiff regularly completed household chores and lifted twenty (20) pound bags without requiring medical assistance due to the pain. The Commissioner asserts that Plaintiff's daily activities support the ALJ's finding, but the ALJ did not refer to these daily activities in her decision. The Court cannot affirm the ALJ's decision by relying on the *post hoc* rationale of the Commissioner to support the ALJ's decision, especially when it is unclear whether the ALJ actually considered Plaintiff's daily activities, other than the one mentioned above, when finding Dr. Diaz's assessment unpersuasive. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) (citation and internal quotation marks omitted).

Thus, the Court finds that the above reasons articulated by the ALJ to find Dr. Diaz's assessment unpersuasive are not supported by substantial evidence.

### 2. Whether Physical Activity Exacerbates Pain

Next, the ALJ found that Plaintiff reported minimal physical activity exacerbated her pain, but the ALJ noted the physical examinations showed normal range of motion with flexion, extension, lateral bending, and rotation. (Tr. at 14). Plaintiff asserts that the ALJ cited to one progress note from June 26, 2013, but did not acknowledge the existence of significant medical examination findings and positive imaging that support Dr. Diaz's opinions. (Doc. 20 at 19). The Commissioner asserts that Plaintiff's physical examination showed a normal range of motion. (*Id.* at 26).

On June 26, 2013, Plaintiff visited Dr. Diaz complaining that minimal physical activity and bending forward exacerbates her pain. (Tr. at 301). Dr. Diaz examined Plaintiff. (*Id.* at 301-4). Dr. Diaz found Plaintiff had a normal range of motion as to flexion, extension, lateral

8

bending, and rotation. (*Id.* at 302). Dr. Diaz also found, *inter alia*, positive paraspinal spasms, positive trigger points, decreased strength in certain areas, and an antalgic gait. (*Id.*). The ALJ cited to only one small portion of the entire examination on June 26, 2013, and failed to cite to any of the other treatment notes from Dr. Diaz to show that Plaintiff had a normal range of motion at other times. In fact, Dr. Diaz's other treatment notes from April 1, 2013 through July 10, 2013, do not include range of motion notations, but do include paraspinal muscle spasms, positive trigger points, and antalgic gait. (*Id.* at 278, 279, 282, 285, 288, 290, 297). The Court finds that one notation concerning range of motion in one of many treatment notes does not constitute substantial evidence or good cause to find Dr. Diaz's assessment unpersuasive.

### 3. Acute Distress Versus Chronic Pain

The ALJ states that Plaintiff "was consistently described as having no acute distress while simultaneously endorsing chronic pain." (*Id.* at 14). Plaintiff argues that acute pain and chronic pain are two types of pain. (Doc. 20 at 20). Plaintiff contends that acute pain is sharp pain that normally goes away when there is no longer an underlying cause for the pain, whereas chronic pain is pain that is ongoing and lasts longer than six (6) months. (*Id.*). The Commissioner states that Dr. Diaz reported that Plaintiff was in no acute distress at one visit. (*Id.* at 26).

On certain visits, Dr. Diaz found Plaintiff in "no acute distress." (Tr. at 278, 281, 287, 289, 296, 301). Even though Plaintiff was, at times, in no acute distress, Plaintiff went to Dr. Diaz for chronic back pain, muscle spasms, muscle weakness, and complaints of stiffness. (Tr. at 279, 281-82, 287-88, 296-97, 301-2). Clearly, even though Plaintiff did not have acute pain, she reported chronic back pain for each of these visits. The ALJ did not explain how the lack of acute distress precludes reports of chronic pain.

9

Thus, the Court finds that the above reason articulated by the ALJ to find Dr. Diaz's assessment unpersuasive is not supported by substantial evidence.

### 4. Whether Plaintiff Use of a Cane Is Medically Necessary

The ALJ found that even though Plaintiff walks with a cane, there is no objective medical evidence that a cane is necessary. Plaintiff argues that since 2011, Dr. Diaz's progress notes indicate that Plaintiff used a cane or walker and that Plaintiff had an antalgic gait. (Doc. 20 at 21). In addition, Plaintiff contends that she fell on multiple occasions. (*Id.*). The Commissioner fails to address this issue relating to the use of a cane.

Dr. Diaz noted in his assessment that Plaintiff uses a cane or other assistive device for occasional standing/walking. (Tr. at 308). Further, in various treatment notes, Dr. Diaz indicates that Plaintiff's gait is antalgic, and in some of these notes, Dr. Diaz indicates that Plaintiff uses a cane or other assistive device. (Tr. at 282, 285, 288, 290, 297, 302). In addition, Plaintiff complains of weakness in her legs, difficulty walking or standing for long periods of time, and falls. (Tr. at 281, 284, 296, 301). Objective medical evidence supports Plaintiff's use of a cane or other assistive device. Accordingly, the Court finds the above reason articulated by the ALJ to find Dr. Diaz's assessment unpersuasive is not supported by substantial evidence.

For the reasons stated above, the Court finds that the ALJ failed to articulate good cause to find Dr. Diaz's assessment unpersuasive. Further, the Court finds that the ALJ's finding as to Dr. Diaz's assessment is not supported by substantial evidence.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on the weight afforded Dr. Henn's opinion and the severity of Plaintiff's cervical spine condition. Because the Court finds that on remand, the

Commissioner must reevaluate Dr. Diaz's medical records and assessment in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

**III. Conclusion**

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Dr. Diaz's medical records and assessment, Dr. Henn's medical records and assessment, and Plaintiff's cervical spine condition in light of the medical evidence of record.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on March 7, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties